UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:

| | | |
|---|---|---|
| JWMR PROPERTY, LLC, | ) | |
| | ) | CHAPTER 11 |
| Debtor. | ) | |
| | ) | CASE NO:19-16365-jps |
| | ) | |
| | ) | JUDGE: JESSICA E. PRICE SMITH |
| | ) | |

MOTION OF ZJK INVESTMENTS, LLC
PURSUANT TO SECTION 1112(b)(1) OF THE BANKRUPTCY CODE
FOR DISMISSAL OF THIS CASE FOR LACK OF GOOD FAITH

ZJK Investments, LLC ("ZJK"), by and through its counsel, respectfully moves the Court for the dismissal of this Chapter 11 Case on the basis that said case is a bad faith filing pursuant to the standard provided by the Sixth Circuit Court of Appeals in *In re Laguna Associates Ltd. Partnership v. Aetna Casualty & Sur. Co. (In re Laguna)*, 30 F.3d 734 (6th Cir. 1994) and *Trident Assocs. Ltd. P'ship v. Metro Life Ins. Co. (In re Trident Assocs. Ltd. P'ship)*, 52 F.3d 127 (6th Cir. 1995).

As is demonstrated below – this is the very type of Chapter 11 Case (with a classic set of facts) that should be dismissed for cause pursuant to section 1112(b)(1) of the Bankruptcy Code. It appears that the sole purpose of this filing is a last minute effort to avoid the specific performance of a commercial real estate transaction that should result in a substantial profit for the Debtor.

STATEMENT OF FACTS

1. On October 15, 2019, the referenced Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code). After being

{01705344}

restrained by the Cuyahoga County Court of Common Pleas in Case Number CV 19-010340 (*ZJK Investments, LLC v. JWMR Property, LLC*), the Debtor filed this petition in the midst of a hearing on the appointment of a Receiver to effect the closing of the commercial real estate transaction.

2. The commercial real estate at issue is 26703 to 26751, Brookpark Road Extension, North Olmsted, Ohio 44070 (the "Single Asset"). Upon information and belief, the sole asset of the Debtor is a single asset real estate as such term is defined in 101(51B) of the Bankruptcy Code. The members of the Debtor are Wing K. Ip and Jennifer Ip (collectively "Ips"), who are husband and wife.

3. On June 11, 2019, the Debtor and ZJK reached an agreement for the purchase of the Single Asset for One Million One Hundred Thousand Dollars ($1,100,000.00). A copy of the Commercial Real Estate Purchase Agreement is incorporated herein and attached hereto as Exhibit A. The Closing Date was initially set for August 1, 2019 at the latest, under the terms and conditions of the Commercial Real Estate Purchase Agreement.

4. As the Closing Date approached, ZJK Investments contacted the Ips as the Debtor had not obtained the necessary Consent and Estoppel Certificates from tenants despite an obligation to do so in the Commercial Real Estate Purchase Agreement. Two days prior to the Closing Date, the Debtor informed ZJK that it no longer wished to sell the Single Asset because the Ips were concerned about capital gain taxes. ZJK provided a written demand to proceed, but the Debtor refused to close on the sale. A copy of the written demand is incorporated herein and attached hereto as Exhibit B.

5.      As a result of the breach, on August 6, 2019, ZJK filed its complaint against the Debtor for breach of contract and declaratory judgment, requesting specific performance to close the sale.  A copy of the Complaint is incorporated herein and attached hereto as <u>Exhibit C.</u>

6.      On September 11, 2019, the Debtor entered into a Settlement Agreement and Release, as well as an Addendum to the Commercial Real Estate Purchase Agreement.  *See* Settlement Agreement and Release and Addendum, copies of which are incorporated herein and attached hereto as <u>Exhibits D and E</u>, respectively.

7.      In the Addendum and Settlement Agreement, the Debtor agreed to close on the sale of the Single Asset on September 16, 2019 in exchange for the dismissal of the lawsuit following the successful closing of the sale and the cancellation of a *Lis Pendens* upon closing.  Closing was set for September 16, 2019 at 9:00 a.m., but once again, the Debtor refused to close and/or otherwise complete the sale.  Instead of closing as agreed, the Debtor refused to sign the necessary escrow documents and at 2:04 p.m. on September 16, 2019, demanded, through a new attorney, the return of the deed that had been placed in escrow with the title company and stated that "My client will not be proceeding with the sale of this property at this time."  A copy of said email is incorporated herein and attached hereto as <u>Exhibit F</u>.

8.      ZJK had signed all of the necessary escrow documents on Friday, September 13, 2019, had placed $300,000.00 into escrow, and had its lender ready, willing, and able to wire the remaining funds to escrow upon the Debtor's execution of the escrow documents.  Despite a second written demand to proceed under the terms and conditions of the executed Commercial Real Estate Purchase Agreement and Addendum, as well as the Settlement Agreement (Second Notice of Default), Petitioner made it abundantly clear that it had no intention to close on the sale

of the Single Asset. A copy of the second written demand is incorporated herein and attached hereto as <u>Exhibit G</u>.

9. On September 23, 2019, ZJK filed an Amended Complaint, along with a Motion for a Temporary Restraining Order and Preliminary Injunction and a Motion for a Receiver, copies of which are incorporated herein and attached hereto as <u>Exhibits H, I and J</u>, respectively.

10. ZJK, bewildered by this behavior sought the TRO out of a concern that the Debtor was trying to sell the Single Asset to a third party or otherwise would alter current leases to injure ZJK's investment. The Motion for Receiver was filed to effect the Closing of the Single Asset and assure that rents were collected for the benefit of the Debtor and ZJK pending such closing as determined by the State Court.

11. A hearing occurred on the Motion for a Temporary Restraining Order and Preliminary Injunction on September 25, 2019. During the course of the hearing, Mr. Ip testified and provided a myriad of alleged reasons for refusing to close on the sale, including that his wife had been a victim of a fraudulent scam on Facebook and had sent money overseas and that if he were to sell the building, his relatives, whom he had borrowed money from, would begin to charge him interest on the debt. Importantly, during the hearing Mr. Ip admitted that if the sale were to proceed, the sale would net the company $551,000.00 in profits after paying all of the company's debts, including full payment of the mortgage on the Single Asset. <u>A copy of the transcript of the hearing has been requested, but has not yet been received yet</u>.

12. Following the hearing, the Court granted the Temporary Restraining Order and Preliminary Injunction and ordered that the Debtor and the Ips, as well as their respective officers, trustees, employees, representatives and/or agents, be restrained and enjoined from doing any of the following:

- Selling the Single Asset to anyone other than ZJK or transferring title to any other family member;
- Spending or otherwise using any rents from the tenants on the Single Asset that relates to rent for the period of September 16, 2019 or later (Rent for September 2019 shall be prorated on a daily basis and all rent pertaining to September 16, 2019 or later dates shall be placed in escrow with the Court);
- Terminating any lease, restructuring any lease, and/or otherwise modifying any lease of any tenant on the Single Asset.

*See* Order dated October 4, 2019, a copy of which is incorporated herein and attached hereto as Exhibit K.

13. Thereafter, a hearing on the Motion to Appoint a Receiver was scheduled for October 15, 2019 at 2:30 p.m. At the hearing, counsel for ZJK requested a continuance as his client representative was unavailable to testify at the hearing. The Court asked defense counsel if he had an objection to a continuance, and he replied that he did not, but then proceeded to inform the Court that while the hearing was being conducted, his client had filed a bankruptcy petition at 2:49 p.m. *See* Journal Entry dated October 15, 2019, a copy of which is incorporated herein and attached hereto as Exhibit L.

14. Upon review of the bankruptcy petition, the Debtor has identified Assurity Life Insurance Company (the secured lender on the Single Asset) and ZJK as its only creditors. Further, Mr. Ip has admitted that the Debtor would net $551,000.00 in profit, after satisfying Assurity Life and any other debts of the Debtor, if he proceeded with the sale of the Single Asset to ZJK.

15. For whatever reason – but not a good reason as is more fully discussed in *Laguna* and Trident - the Debtor has chosen to file for Chapter 11, presumably in a last minute attempt to reject an executory purchase agreement that will result in the satisfaction of all claims of creditors. This is not the forum to renegotiate a closing on a Single Asset.

**LAW AND ARGUMENT**

16. The Bankruptcy Court should dismiss this Chapter 11 for cause pursuant to section 1112(b)(1) of the Bankruptcy Code because the filing was in bad faith as laid out in *Laguna* and *Trident*.

17. The *Laguna* Court recognized that "good faith is an amorphous notion largely defined by factual inquiry. While no single fact is dispositive, courts have found the following factors meaningful in evaluating an organizational debtor's good faith: (1) the debtor has one asset, (2) the pre-petition conduct of the debtor has been improper, (3) there are only a few unsecured creditors . . . (5) the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford, (6) the filing of the petition effectively allows the debtor to evade court orders…. *Laguna*, 30 F.3d at 738 (citations and items 4, 7 and 8 omitted).

18. Simply in this Case:

- the Debtor only has one asset,

- the pre-petition conduct of the Debtor was improper in so many obvious ways – specifically, but not limited to failing to close and then failing to honor a settlement and a subsequent close date,

- there are no (or very few) unsecured creditors in this case,

- this case is the result of a standstill between ZJK and the Debtor where the Debtor was restrained and ordered to deposit rents with the Court and was in the midst of a hearing on the Motion for Receiver,

- The filing of the Chapter 11 allows the Debtor to avoid the TRO and the pending appointment of a receiver to effect closing,

- Without creditors – and with the expectation that the sale of the Single Asset would satisfy Debtor obligations – the purpose of this filing – the expected rejection of one executory contract – is questionable.

WHEREFORE, ZJK respectfully requests that the Court dismiss the Case pursuant to section 1112(b)(1) of the Bankruptcy Code for "cause" or otherwise grant ZJK appropriate relief for purposes of effect the closing or for such other relief that the Court deems just and appropriate.

Respectfully submitted,

/s/ David M. Neumann, Esq.
DAVID M. NEUMANN (0068747)
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Blvd. Suite 600
Cleveland, OH 44122
T: (216) 831-0042 | F: (216) 831-0542
dneumann@meyersroman.com

AND

/s/ Joseph T. Burke, Esq.
JOSEPH T. BURKE (0052535)
Polito Rodtrom Burke LLP
21300 Lorain Road
Fairview Park, OH 44126
T: (440) 895-1234 | F: (440) 895-1233
josephtburke@aol.com

*Counsel for ZJK Investments, LLC*

## CERTIFICATE OF SERVICE

I certify that on October 23, 2019, a true and correct copy of the foregoing Motion of ZJK Investments, LLC was served via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- **Stephen D. Hobt**    shobt@aol.com
- **United States Trustee**    (Registered address)@usdoj.gov

Regular Mail:

**United States Trustee**
Suite 441
H.M Metzenbaum U.S. Courthouse
201 Superior Avenue
Cleveland, OH 44114

                                                */s/ David M. Neumann*
                                                One of the Attorneys for
                                                ZJK Investments, LLC